UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14053-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARIUS QUINTON KELLY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSION TO VIOLATION NUMBERS 2 AND 3 AS SET FORTH IN THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come before the Court for a final hearing with respect to the Petition for Offender under Supervision (the "Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court on September 17, 2019 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five days of each month. The defendant has failed to submit written monthly reports within the first five days of each month for January, February, April, May and June 2019. |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to notify the probation officer of any change in residence. On or about July 31, 2019, the defendant moved from his approved residence of 1812 North 16th Court, Fort Pierce, Florida, and [at the time the Petition was submitted] his current whereabouts [were] unknown. |
| **Violation Number 3** | **Violation of Standard Condition**, by failing to notify the probation office of a change in employment. On or about |

May 20, 2019, the defendant left employment with Maverick Boat Company, 3207 Industrial Avenue 2, Fort Pierce, Florida, and he failed to notify the probation office ten (10) days prior to any change.

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 2 and 3 as set forth in the Petition. The Government agreed to dismiss Violation Number 1 after sentencing. This Court questioned Defendant on the record and made certain that he understood his rights regarding an evidentiary hearing with respect to Violation Numbers 2 and 3. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admissions all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The Government provided a factual proffer for Defendant's admissions and Defendant agreed that proffer was true and correct. According to the Government's proffer, on or about July 31, 2019, the defendant moved from his approved residence without notifying his probation officer. The probation officer did not know where he resided when she submitted the Petition on August 2, 2019. The Defendant also stopped working for Maverick Boat Company located in Fort Pierce, Florida on or about May 20, 2019. He did not provide notice to his probation officer within the ten day time period as required. Prior to both violations, the probation officer verbally informed the Defendant of the requirement that he notify probation of any change in residence or employment status. Defendant also signed a form acknowledging the terms and conditions of his supervised release. The Court has considered the Government's proffer and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 2 and 3.

4. The possible maximum penalties faced by Defendant were read into the record by the Government, and Defendant stated that he understood those penalties.

5. The parties agreed to jointly recommend a sentence of time served to be followed by termination of any further supervised release. The Defendant acknowledged his understanding that recommendations to the District Court are not binding, and the District Court may reject sentencing recommendations and sentence Defendant up to and including the statutory maximum penalties. The Defendant further acknowledged that he understood that he will not be able to withdraw his plea of guilty if the District Court rejects the parties' recommendations and imposes a sentence on Defendant that is more severe than he anticipates.

**ACCORDINGLY**, based upon Defendant's admissions to Violation Numbers 2 and 3 of the Petition under oath, this Court recommends to the District Court that Defendant be found to have violated his supervised release with respect to Violation Numbers 2 and 3, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this __17th__ day of September, 2019.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE